# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re          Case No. 07-10913-DHW
             Chapter 13

ROSS A. STRICKLAND
TORI M. STRICKLAND,

    Debtors.

## MEMORANDUM OPINION

eCAST Settlement Corporation ("eCAST") filed an objection to confirmation of the chapter 13 plan contending that the debtors have not devoted all of their disposable income to unsecured creditors for the required period. The parties filed a joint stipulation of relevant facts (Doc. #25) and respective briefs of law (Doc. #28 and 29). Upon consideration of these, the court concludes that the objection to confirmation must be sustained.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because confirmation of a chapter 13 plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), this court's jurisdiction is extended to the entry of a final order or judgment.

### Finding of Facts

As noted, the parties filed a joint stipulation of relevant facts. Those facts are adopted by the court and summarized as follows.

The debtors filed this chapter 13 case on July 12, 2007. eCAST

holds five unsecured claims against the debtors which represent approximately 34% of the total unsecured, non-priority debt.

The debtors' income is higher than the median income for a similarly sized household in Alabama. Their amended plan provides that they will pay the trustee $906.00 per month for a term of 59 months. Under that plan, the ultimate dividend to unsecured creditors is approximately 26% of allowed claims.

In calculating their disposable income under the "means test" Form B22C, the debtors deducted the full allowance for vehicle ownership under the IRS Local Standards. Those Standards allow an ownership expense of $803 for two vehicles ($471 for the first vehicle and $332 for the second). However, the debtors' actual ownership expense is only $309.34 ($267.67 for the first vehicle and $41.67 for the second).

## Conclusions of Law

The sole issue presented here is whether the debtors, in determining their projected disposable income, may deduct the full IRS Local Standard allowance for vehicle ownership when their actual costs are less than the allowance. A number of Bankruptcy Code sections are implicated.

First, a court may not confirm a chapter 13 plan over the objection of an unsecured creditor unless the plan provides for payment of all of the debtor's projected disposable income to unsecured creditors for the applicable period.[1] The Code provides:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan— . . .

---

[1] The applicable commitment period for a debtor whose income exceeds the median income for a similarly sized household in the debtor's home state is five years. *See* 11 U.S.C. § 1325(b)(4)(A)(ii).

(B) the plan provides that all of the debtor's *projected* disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1) (emphasis added).

Next, the amount of the debtor's "disposable income," which is required to be paid to unsecured creditors under subsection (b)(1), is determined by subtracting the debtor's reasonably necessary expenses from the debtor's current monthly income. Specifically, the Code provides:

(b)(2) For purposes of this subsection, "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended—

(A)(i) for the maintenance or support of the debtor or a dependent of the debtor . . .

11 U.S.C. § 1325(b)(2).

Third, for debtors whose current monthly income is above the median income of a similarly sized household in their home state, "amounts reasonably necessary to be expended" in subsection (b)(2) are determined in accordance with the provisions of 11 U.S.C. § 707(b)(2)(A) and (B), the so-called "means test." 11 U.S.C. § 1325(b)(3).

Finally, § 707(b)(2) adopts the expense amounts specified in the IRS standards:

(ii)(I) The debtor's monthly expenses *shall be* the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards . . . issued by the Internal Revenue Service . . . .

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). The Local Standards prescribe expense amounts for the ownership and operation of a vehicle.

Courts that have considered this or variations of this issue are divided. One camp, typified by the holding in *In re Fowler*, 349 B.R. 414, 418 (Bankr. D. Del. 2006) (chapter 7 case), holds that, under the means test, debtors may deduct the full IRS standard expense for vehicle ownership even when they own their vehicles free and clear of liens.[2] In short, these courts treat the IRS standard as an absolute expense allowance relying, *inter alia*, on the plain language of § 707(b)(2)(A)(ii)(I). The other camp, typified by *In re Hardacre*, 338 B.R. 718, 728 (Bankr. N.D. Tex. 2006) (chapter 13 case) holds that debtors may not deduct the IRS standard expense when their vehicles are unencumbered.[3]

---

[2] *See also In re Demonica*, 345 B.R. 895 (Bankr. N.D. Ill. 2006); *In re Haley,* 354 B.R. 340 (Bankr. D.N.H. 2006); *In re McIvor,* 2006 WL 3949172 (Bankr. E.D. Mich. Nov. 15, 2006); *In re Naslund,* 359 B.R. 781 (Bankr. D. Mont. 2006); *In re Grunert,* 353 B.R. 591 (Bankr. E.D. Wis. 2006), *abrogated by In re Ross-Tousey,* 368 B.R. 762 (E.D. Wis. 2007); *In re Prince,* 2006 WL 3501281 (Bankr. M.D.N.C. 2006); *In re Wilson,* 356 B.R. 114 (Bankr. D. Del. 2006); *In re Zak,* 361 B.R. 481 (Bankr. N.D. Ohio 2007); *In re Sawdy,* 362 B.R. 898 (Bankr. E.D. Wis. 2007); *In re Crews,* 2007 WL 626041 (Bankr. N.D. Ohio Feb. 23, 2007); *In re Enright,* 2007 WL 748432 (Bankr. M.D.N.C. Mar. 6, 2007); *In re Ragle,* 2007 WL 1119632 (Bankr. E.D. Ky. Mar. 23, 2007); *In re Billie,* 367 B.R. 586 (Bankr. N.D. Ohio 2007); *In re Watson,* 366 B.R. 523 (Bankr. D. Md. 2007); *In re Zaporski,* 366 B.R. 758 (Bankr. E.D. Mich. 2007); *In re Swan,* 368 B.R. 12 (Bankr. N.D. Cal. 2007); *In re Chamberlain,* 369 B.R. 519 (Bankr. D. Ariz. 2007); *In re Lynch,* 368 B.R. 487 (Bankr. E.D. Va. 2007); *In re Armstrong,* 370 B.R. 323 (Bankr. E.D. Wash. 2007).

[3] *See also Fokkena v. Hartwick*, 373 B.R. 645 (D. Minn. 2007); *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo.2006), *abrogated by In re Frederickson*, 375 B.R. 829 (B.A.P. 8th Cir. 2007); *In re Lara*, 347 B.R. 198 (Bankr. N.D. Tex. 2006); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006); *In re Wiggs*, 2006 WL 2246432

The position of each camp is buttressed with cogent arguments, and the parties have iterated these in brief. They range from the plain language of the statute to Congressional intent to the Official Forms to the IRS Manual containing guidelines for application of the standards.

First, the debtor notes that use of the standard expense amount for transportation is mandatory. Second, for some expenses other than transportation, the statute allows the "actual" instead of a "standard" expense deduction. The debtor argues that the Official Forms support this construction of the statute. The debtor also notes that the statute does not incorporate the language of the IRS Manual which would allow the lesser of the standard or the debtor's actual expense. The debtor further notes that this interpretation is consistent with Congressional policy for creating a "uniform and fair test."[4]

The creditor also makes arguments predicated on the plain language of the Code. The creditor notes that an allowance in excess of an actual expense cannot be deemed "reasonably necessary" to the debtor's support. The creditor also notes that "applicable" monthly expenses cannot embrace expenses that the debtor does not have. The creditor contends that this construction is consistent with Congressional intent that debtors repay creditors the "maximum they can afford."[5] The creditor disputes that the Official Forms require a contrary interpretation but also notes that the forms do not carry the force and effect of law. The creditor argues that

_____

(Bankr. N.D. Ill. Aug. 4, 2006); *In re Oliver*, 350 B.R. 294 (Bankr. W.D. Tex. 2006); *In re Carlin*, 348 B.R. 795 (Bankr. D. Or. 2006); *In re Harris*, 353 B.R. 304 (Bankr. E.D. Okla. 2006); *In re Devilliers*, 358 B.R. 849 (Bankr. E.D. La. 2007); *In re Slusher*, 359 B.R. 290 (Bankr. D. Nev. 2007); *In re Ceasar*, 364 B.R. 257 (Bankr. W.D. La. 2007); *In re Howell*, 366 B.R. 153 (Bankr. D. Kan. 2007); *In re Pampas*, 369 B.R. 290 (Bankr. M.D. La. 2007); *In re Ross-Tousey*, 368 B.R. 762 (E.D. Wis. 2007).

Courts in this second camp could reach differing opinions in cases where a debtor actually incurs an ownership expense which is less than the IRS standard.

[4] Debtor's Brief (Doc. #28), p. 2.

[5] Creditor's Brief (Doc.#29), p. 7 (citation omitted).

adoption of the IRS standards requires reference to the IRS guidelines for application of the standards.

For the following reasons, this court finds it unnecessary to side with either of the above camps in a chapter 13 case. In an earlier case before this court, *In re Warren*, 2007 WL 2683837 (Bankr. M.D. Ala. Sept. 6, 2007), the proper calculation of the debtor's disposable income was at issue. There, the undersigned rejected the holding in *In re Alexander*, 344 B.R. 742 (Bankr. E.D.N.C. 2006), that the phrases "projected disposable income" and "disposable income" as used in § 1325(b)(1)(B) and §1325(b)(2), respectively, are synonymous. Instead, this court found that the word "projected" modifies the term "disposable income" to give the phrase "projected disposable income" a forward-looking flavor. As a result, a court in determining the amount that debtors must pay under a chapter 13 plan must look not only to historical data but also consider the debtor's expectations for the term of the plan.

Put another way, disposable income, as calculated under the means test, creates a presumption of the amount that must be paid under a chapter 13 plan. That presumption, however, may be rebutted by evidence that the debtor's expectancy of the future will alter that result. To do otherwise, that is to exclusively apply a mechanical means test formula without regard to the debtor's expectancy, would often lead to absurd results that ignore the reality of a particular debtor's situation and that are out of keeping with the public policy of rehabilitation through chapter 13.

In the instant case, the debtors have claimed the full allowance provided under the IRS local standard for the ownership of their two vehicles. However, this deduction is inconsistent with their expected costs for ownership over the term of the plan. Therefore, confirmation of this plan must be denied.

There may be cases where a debtor's expectancy may exceed the current, actual costs on the date of filing chapter 13. Yet, it is the debtor's burden to prove that the requirements for confirmation are satisfied. *Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994). The

debtors have, to date, made no showing that their expectancy during the term of the plan for vehicle ownership expense is any more than their current costs.

## CONCLUSION

For these reasons, eCAST's objection to confirmation of the chapter 13 plan must be sustained. Separate orders will enter 1) denying confirmation of the plan and 2) dismissing the case unless the debtors file an amended plan, consonant with this memorandum opinion, within a specified time.

Done this the 24th day of January, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
    Rafael Gil, III, Debtors' Attorney
    James H. Greer, Creditor's Attorney
    Curtis C. Reding, Trustee